**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SENECA SPECIALTY INSURANCE
COMPANY,

        Petitioner,

vs.                                              Case No. 3:14-cv-922-J-34PDB

845 NORTH, INC., KIMBERLY ADDISON,
and TYLER GOMES,

        Respondents.
_____/

## ORDER

**THIS CAUSE** is before the Court on Petitioner, Seneca Speciality Insurance Company's Motion for Summary Final Declaratory Judgment and Incorporated Memorandum of Law (Doc. No. 16; Motion) filed on February 4, 2015. Although given adequate time to do so, Respondents have not responded to Motion.[1] Accordingly, the Motion is ripe for review.

**I.    Standard of Review**

Under Rule 56, Federal Rules of Civil Procedure (Rule(s)), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). The record to be considered on a motion for summary judgment may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made

---

[1] On March 10, 2015, this Court entered an Order directing Respondents to file a response to the Motion by March 30, 2015, or the Court would treat the Motion as being unopposed. See Order (Doc. No. 22). When Respondents failed to do so, the Court entered an Order directing Respondents to show cause by April 23, 2015, why the Motion should not be granted. See Order to Show Cause (Doc. No. 23). As of this date, Respondents have failed to file a response to either the Motion or the Order to Show Cause.

for purposes of the motion only), admissions, interrogatory answers, or other materials." Rule 56(c)(1)(A).[2] An issue is genuine when the evidence is such that a reasonable jury could return a verdict in favor of the nonmovant. See Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (quoting Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir. 1993)). "[A] mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment." Kesinger ex rel. Estate of Kesinger v. Herrington, 381 F.3d 1243, 1247 (11th Cir. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

The party seeking summary judgment bears the initial burden of demonstrating to the court, by reference to the record, that there are no genuine issues of material fact to be determined at trial. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). "When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (internal citations and quotation marks omitted). Substantive law determines the materiality of facts, and

---

[2]   Rule 56 was revised in 2010 "to improve the procedures for presenting and deciding summary-judgment motions." Rule 56 advisory committee's note 2010 Amendments.

> The standard for granting summary judgment remains unchanged. The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law. The amendments will not affect continuing development of the decisional law construing and applying these phrases.

Id. Thus, case law construing the former Rule 56 standard of review remains viable and is applicable here.

"[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. In determining whether summary judgment is appropriate, a court "must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." Hayes v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995) (citing Dibrell Bros. Int'l, S.A. v. Banca Nazionale Del Lavoro, 38 F.3d 1571, 1578 (11th Cir. 1994)).

## II. Background

Petitioner, Seneca Specialty Insurance Company (Seneca) filed the instant declaratory action on August 4, 2014. See Petition for Declaratory Judgment (Doc. No. 1; Petition). Seneca seeks a determination that the insurance policy it issued to Respondent, 845 North, Inc. (845 North), does not provide coverage for claims arising from a nightclub shooting including two state court lawsuits filed by Respondents Kimberly Addison (Addison) and Tyler Gomes (Gomes). See generally id. Seneca alleges that Gomes and Addison filed virtually identical complaints in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida on February 13, 2014, and February 14, 2014, respectively. See Exhibit B to Complaint, Complaint and Demand for Jury Trial (Doc. No. 1-2; Addison Complaint); Exhibit C to Complaint, Complaint and Demand for Jury Trial (Doc. No. 1-3; Gomes Complaint) (collectively Complaints). In their respective actions, both Addison and Gomes contend that, on September 27, 2013, while at a nightclub owned and operated by 845 North, they were "assaulted and shot on the Defendant's premises, suffering serious bodily injury and permanent disfigurement." Addison Complaint ¶¶4-5, 9; Gomes Complaint ¶¶4-5, 9. Addison and Gomes each assert a single claim of negligence, alleging that 845

North failed to provide adequate security and failed to warn its invitees and the public of the numerous criminal incidents that had previously occurred on its premises. See Addison Complaint ¶17; Gomes Complaint ¶17.

Prior to the shooting incident, Seneca had issued Policy Number BAG-1017982 to 845 North. See Exhibit A to Complaint (Doc. No. 1-1; Policy); see also Respondent 845 North, Inc.'s Answer to Petitioner's Petition for Declaratory Judgment (Doc. No. 6; 845 North Answer) ¶21; Addison/Gomes Answer to Petition (Doc. No. 8) ¶4. The policy provides general commercial liability coverage for the policy period of December 5, 2012, to December 5, 2013. See Policy. Of particular relevance to this action are two specific provisions identifying exclusions from the Policy's coverage. The first provision which is entitled the "Assault, Battery or Assault and Battery Exclusion" states:

> This insurance does not apply to damages or expenses due to "bodily injury", "property damage" or "personal and advertising injury" arising out of or resulting from:
>
> (1) "Assault", "Battery" or "Assault and Battery" committed by any person;
> (2) The failure to suppress or prevent "Assault", "Battery" or "Assault and Battery" by any person;
> (3) The failure to provide an environment safe from "Assault", "Battery" or "Assault and Battery";
> (4) The failure to warn of the dangers of the environment which could contribute to "Assault", "Battery" or "Assault and Battery" . . .

Policy at 37 (Assault and Battery Exclusion). The Policy defines "Assault" as either "an act creating an apprehension in another of immediate harmful or offensive contact" or "an attempt to commit a 'Battery.'" Id. A "Battery," in turn, "means an act which brings about harmful or offensive contact to another or anything connected to another." Id. An "Assault and Battery" is a combination of an "Assault" and a "Battery" as the Policy defines those

terms. Id. The second provision is a weapons exclusion which states, "This insurance does not apply to 'bodily injury', 'property damage' or 'personal and advertising injury' arising out of or resulting from the possession, ownership, maintenance, use of or threatened use of a lethal weapon, including but not limited to firearms by any person." Id. at 38 (Weapons Exclusion).

Although the shooting incidents that form the basis of Gomes and Addison's Complaints allegedly occurred during the Policy period and on 845 North's premises, Seneca contends that the Assault and Battery and Weapons Exclusions negate any duty to defend or indemnity 845 North as to these claims. See Petition ¶¶23-25. Accordingly, in the Petition and the instant Motion, Seneca seeks a judgment declaring that 845 North has no coverage under the Policy as to Gomes and Addison's claims. See id. at ¶¶27-29; see generally Motion.  While Respondents answered the Petition, see 845 North's Answer; Addison/Gomes Answer to Petition (Doc. No. 8), none responded to the Motion despite an opportunity to do so, the entry of a summary judgment notice (Doc. No. 17), and two court orders directing them to respond (Doc. Nos. 22, 23).  In a supplemental filing, Seneca represents that Addison and Gomes do not oppose the entry of final declaratory judgment, but that counsel was unable to obtain a similar concession from Respondent 845 North. See Petitioner, Seneca Specialty Insurance Company's Motion to Enter Final Declaratory Judgment (Doc. No. 24; Second Motion) at 2-3.  Nevertheless, Seneca contends that the Motion must be granted, stating:  "Unopposed motions should be granted – as they are unopposed." Second Motion at 2. This assertion reflects a fundamental lack of knowledge of the law. The fact that Seneca's Motion for summary judgment is unopposed does not

entitle Seneca to judgment in its favor. Indeed, the Eleventh Circuit Court of Appeals has unequivocally held that "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed, but, rather, must consider the merits of the motion." Reese v. Herbert, 527 F.3d 1253, 1269 (11th Cir. 2008) (quoting United States v. One Piece of Real Prop. Located at 5800 SW 74th Avenue, Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004)). As such, the Court "must ensure that the motion itself is supported by evidentiary materials . . . [and] determine if there is, indeed, no genuine issue of material fact." Id. (internal quotations omitted). Thus, Seneca's assertion that the Motion should be granted because it is unopposed is directly contrary to binding precedent.[3] Accordingly, the Court now turns to the merits of the Motion.

---

[3] In the Second Motion, Seneca purports to seek entry of a final declaratory judgment in its favor pursuant to Rule 58. See Second Motion at 1. Upon review, the Court notes that the Second Motion is procedurally improper and due to be denied as Rule 58 provides no authority for the entry of final judgment where the court has not yet resolved the merits of the action. Perhaps more troubling than the filing of such a frivolous motion, which simply wastes the resources of both the parties and the Court, is the inappropriate tone and content of the Second Motion. Having reviewed the filing, the Court contemplated deferring ruling on Seneca's dispositive Motion in order to require counsel to appear before the Court to explain his reasons for filing the motion, his reasons for choosing to use the Second Motion as a vehicle to express his disagreement with the Court's prior rulings which had nothing to do with the relief requested in the Second Motion, his failure to recognize binding Eleventh Circuit precedent regarding the review of unopposed motions, and his continued misapplication and misrepresentation of Middle District authority relating to the filing of notices of supplemental authority. However, such a course of action would have needlessly delayed the resolution of this action to the detriment of the client, Seneca. As such, the Court will simply deny the Second Motion as utterly lacking in merit. However, the Court cautions counsel that should he present filings of this nature in the future, he risks the imposition of sanctions and referral to the Middle District Grievance Committee.

**III.    Applicable Law**[4]

Pursuant to Florida law, "interpretation of an insurance policy is a question of law to be decided by the court." Gulf Tampa Drydock Co. v. Great Atl. Ins. Co., 757 F.2d 1172, 1174 (11th Cir. 1985) (applying Florida law).  In so doing, the court must construe the "contract in its entirety, striving to give every provision meaning and effect." Dahl-Eimers v. Mutual of Omaha Life Ins. Co., 986 F.2d 1379, 1382 (11th Cir. 1993) (citing Excelsior Ins. Co. v. Pomona Park Bar & Package Store, 369 So.2d 938, 941 (Fla. 1979)).  Where a term in an insurance policy is ambiguous, a court must "construe it in favor of the insured and against the insurer." Gas Kwick, Inc. v. United Pacific Ins. Co., 58 F.3d 1536, 1539 (11th Cir. 1995) (citing Davis v. Nationwide Life Ins. Co., 450 So.2d 549, 550 (Fla. 5th DCA 1984)). However, a "court cannot rewrite an insurance contract to extend coverage beyond what is clearly set forth in the contractual language." Szczeklik v. Markel Int'l Ins. Co., Ltd., 942 F. Supp. 2d 1254, 1260 (M.D. Fla. 2013) (quoting Fla. Residential Prop. & Cas. Joint Underwriting Ass'n v. Kron, 721 So. 2d 825, 826 (Fla. 3d DCA 1998)).  Although the insured bears the burden of proving that a claim is covered by the insurance policy, the "burden of proving an exclusion to coverage is . . . on the insurer." LaFarge Corp. v. Travelers Indemn. Co., 118 F.3d 1511, 1516 (11th Cir. 1997).

---

[4] Seneca argues that Florida law applies to this diversity action and Respondents have not responded to the Motion or otherwise indicated that they would challenge the application of Florida law. See Motion at 9.  Although the Policy does not appear to contain a typical choice of law provision, it states that it "is issued pursuant to the Florida Surplus Lines Law" and contains Florida-specific provisions. Policy at 1, 41. Moreover, applying Florida choice-of-law rules, the Court concludes that Florida law applies to the Policy as it was issued to a Florida corporation operating in Jacksonville to cover property located in Florida. See, e.g., Sparta Ins. Co. v. Colareta, 990 F. Supp. 2d 1357, 1362-63 (S.D. Fla. 2014).

In determining an insurer's duty to defend, the Court looks solely to the allegations in the underlying complaint(s). See Category 5 Mgmt. Grp., LLC v. Companion Prop. & Cas. Ins. Co., 76 So. 3d 20, 23 (Fla. 1st. DCA 2011); see also Lawyers Title Ins. Corp. v. JDC (America) Corp., 52 F.3d 1575, 1580 (11th Cir. 1995).  "The duty arises when the relevant pleadings allege facts that 'fairly and potentially bring the suit within policy coverage.'" Lawyers Title Ins. Corp., 52 F.3d at 1580 (quoting Lime Tree Vill. Cmty. Club Ass'n, Inc. v. State Farm Gen. Ins. Co., 980 F.2d 1402, 1405 (11th Cir. 1993)).  The actual facts of the situation are not relevant, such that "the insurer must defend even if facts alleged are actually untrue or legal theories unsound." Id.  As a result, "an insurer's duty to defend is distinct from, and broader than, the duty to indemnify." Sinni v. Scottsdale Ins. Co., 676 F. Supp. 2d 1319, 1323 (M.D. Fla. 2009).[5]  In addition, where a complaint "alleges facts partially within and partially outside the coverage of the policy, the insurer is obligated to defend the entire suit." Category 5 Mgmt. Grp., LLC, 76 So. 3d at 23.  Significantly, "[i]f an examination of the allegations of the complaint leaves any doubt regarding the insurer's duty to defend, the issue is resolved in favor of the insured." Lawyers Title Ins. Corp., 52 F.3d at 1580-81.

**IV.   Discussion**

Seneca seeks summary judgment with respect to its claim that the Gomes and Addison suits fall squarely within both the Assault and Battery and Weapons Exclusions, thereby precluding coverage for these claims and any duty to defend or indemnify under the

---

[5]  The duty to indemnify is narrower than the duty to defend because it "turns on the actual facts, not the facts as alleged in the complaint." Colony Ins. Co. v. Barnes, 410 F. Supp. 2d 1137, 1143 (N.D. Fla. 2005) (citing Hagen v. Aetna Cas. & Sur. Co., 675 So. 2d 963, 965 (Fla. 5th DCA 1996)). Thus, if there is no duty to defend, then there is also no duty to indemnify. Trailer Bridge, Inc. v. Ill. Nat'l Ins. Co., 657 F.3d 1135, 1146 (11th Cir. 2011).

Policy. "With respect to determining insurance coverage issues, summary judgment is generally appropriate inasmuch as the construction and legal effect of a written contract are matters of law to be determined by the Court." Sinni, 676 F. Supp. 2d at 1323. Moreover, the determination of coverage under the Policy in this case raises no factual questions. Therefore, resolution of the Petition on summary judgment is appropriate.

From the face of both Complaints, Gomes and Addison allege that they were "assaulted and shot" on 845 North's premises and suffered damages as a result of 845 North's negligence. The Weapons Exclusion precludes coverage under the Policy for claims that arise out of[6] or result from the use of a lethal weapon. The claims at issue, which stem directly from the alleged shootings, necessarily involved, arose out of, and/or resulted from the use of a lethal weapon.[7] Moreover, in the state court Complaints Gomes and Addison plainly assert that they were "assaulted" and that someone shot them, which is a harmful or offensive touching constituting a battery under the Policy definition. See, e.g., Clarendon Am. Ins. Co. v. Miami River Club, Inc., 417 F. Supp. 2d 1309, 1313, 1318 (S.D. Fla. 2006) (applying similar assault and battery exclusion to preclude coverage for underlying claim alleging that a criminal assailant shot and killed the decedent).

---

[6] "The term 'arising out of' is broader in meaning than the term 'caused by' and means 'originating from,' 'having its origin in,' 'growing out of,' flowing from,' 'incident to' or 'having a connection with.'" Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co., 913 So. 2d 528, 539 (Fla. 2005) (quoting Hagen v. Aetna Cas. & Sur. Co., 675 So. 2d 963, 965 (Fla. 5th DCA 1996)).

[7] While neither Gomes nor Addison specifically allege that they were shot with a firearm, the Weapons Exclusion includes but is not limited to firearms. Instead, the Weapons Exclusion precludes coverage of bodily injury arising out of or resulting from the use of a lethal weapon. See Policy at 38. Because Gomes and Addison both allege they suffered serious bodily injury and permanent disfigurement from the shooting, even if they were shot with a weapon other than a firearm, such a weapon would constitute a lethal one falling within the Weapons Exclusion.

In considering an "assault" and "battery" exclusion, the court in <u>Evanston Ins. Co. v. S & Q Prop. Inv., LLC</u>, No. 8:11-CV-2121-T-27MAP, 2012 WL 4855537 (M.D. Fla. Oct. 11, 2012) explained that a fatal shooting "plainly constituted a battery" such that it precluded insurance coverage even though the underlying action involved a negligence claim for failing to prevent a trespasser from shooting and killing the decedent. <u>See</u> <u>id.</u> at *1-2.  Similarly, in the instant case, the Policy explicitly excludes claims arising from an assault and battery and based on a failure to prevent an assault, battery or both, such as the ones Gomes and Addison have asserted in the underlying actions.  Therefore, the Court concludes from the pleadings of the underlying state court lawsuits—the Gomes and Addison Complaints—that the Assault and Battery and Weapons Exclusions apply and Seneca has no duty to defend 845 North against these claims.  <u>See</u> <u>Evanston Ins. Co.</u>, 2012 WL 4855537, at *1 (quoting <u>State Farm Fire & Cas. Co. v. Tippett</u>, 864 So. 2d 31, 35 (Fla. 4th DCA 2003)).  Based on either the Weapons or the Assault and Battery Exclusions, the Policy precludes any duty to defend or corresponding duty to indemnify.  Accordingly, Seneca is entitled to the entry of summary judgment in its favor.

Accordingly, it is **ORDERED**:

1.     Petitioner, Seneca Speciality Insurance Company's Motion for Summary Final Declaratory Judgment and Incorporated Memorandum of Law (Doc. No. 16) is **GRANTED**.

2.     It is hereby declared that Petitioner Seneca Specialty Insurance Company has no duty pursuant to Insurance Policy Number BAG-1017982 to defend or indemnify Respondent 845 North, Inc. against the claims of Respondents Kimberly Addison and Tyler Gomes based on the shooting incidents alleged to have occurred on September 13, 2013,

and asserted in the lawsuits filed by Addison and Gomes in the Fourth Judicial Circuit in and for Duval County, Florida (Filing Nos. 10235833 and 10242672).

3. Petitioner, Seneca Specialty Insurance Company's Motion to Enter Final Declaratory Judgment (Doc. No. 24) is **DENIED as moot**.

4. The Clerk of the Court is directed to terminate all pending motions and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of May, 2015.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc16

Copies to:

Counsel of Record